FILED
SUPERIOR COURT
OF GUAM

2025 APR 14 PH 2: 40

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SUGUMI GUAM, LLC and WANG-CHIEH SU, | **CIVIL CASE NO. CV0507-24** |
| Plaintiffs/Counterclaim-Defendants, | **DECISION AND ORDER GRANTING MOTION TO DISMISS AND STRIKE DEFENSES AND COUNTERCLAIMS** |
| vs. | |
| CHAO-CHUN SU aka DAVID SU and DOES 1-10, INCLUSIVE, | |
| Defendants/Counterclaim-Plaintiffs. | |

In this partition action, the Court considers Plaintiffs/Counterclaim-Defendants Sugumi Guam, LLC and Wang-Chieh "Ronald" Su's motion seeking to dismiss and strike defenses and counterclaims filed by Defendants/Counterclaim-Plaintiff Chao-Chun "David" Su. Having reviewed the briefs, the Court finds David's counterclaims to be time-barred. Moreover, David's affirmative defenses are neither applicable, nor, even if true, serve to defeat the partition claim. The Motion is therefore GRANTED.

## I. PROCEDURAL BACKGROUND

Plaintiffs initiated this action seeking to partition two parcels in Tamuning. Compl. Partition Real Prop. (Oct. 1, 2024). David answered and alleged, among other affirmative defenses, unclean hands, equity, and failure to record a lis pendens. Def.'s Answer at 4-5 (Nov. 5, 2024). David also averred counterclaims for an accounting, breach of fiduciary duty, unjust enrichment, and for punitive damages. *Id.* at 6-10.



ORIGINAL

In response, Plaintiffs move to dismiss all counterclaims for being outside the applicable statutes of limitations and further argue that David has not stated a claim for the existence of a fiduciary duty. As for David's affirmative defenses, Plaintiffs assert they must be stricken for not being adequately pled. The motion was fully briefed and taken under advisement at the motion hearing on January 29, 2025.

## II.   FACTUAL BACKGROUND

The parties agree that David and Ronald each hold an undivided 16.66% interest in certain property and have held such interests as co-tenants since 1995. Compl. Partition Real Prop. ¶¶ 10, 11; Def.'s Answer at 7.[1] The property is a leased commercial retail and warehouse building. Def.'s Answer at 7.

However, according to David, Ronald solely receives the rental income. *Id.* David further alleges that Ronald has assumed sole control of management of the income, and is the "co-tenant with exclusive control" of the Property. *Id.* Finally, David claims that Ronald has assumed a position of trust and confidence in the management of the income, and has not produced any accountings to David. *Id.*

## I.   LAW AND DISCUSSION

### A. Applicable statutes of limitations bar David's claims.

Guam law imposes a four-year statute of limitations for an accounting action, and three years for claims involving a breach of fiduciary duty and unjust enrichment. 7 GCA §§ 11305(a), (d), 11312. Since Ronald has held an interest in the property jointly with David since 1995 and since Plaintiffs allege Sugumi has held an interest in the property four years and three months

---

[1] Ronald alleges that Sugumi has held the majority interest in the Property since August 2020. Compl. Partition Real Prop. ¶ 9. David denies this. Def.'s Answer ¶ 9.

ORIGINAL

before the counterclaims were filed, the counterclaims appear to be outside the relevant statutes of limitations.

When a complaint shows on its face that the applicable statutes of limitations bar the cause of action, the claimant must plead facts showing an excuse, tolling, or some other basis for avoiding the statutory bar. *Amsden v. Yamon*, 1999 Guam 14 ¶ 12. However, David's pleading fails to mention any facts to justify excusing the limitations bar. Instead, in his Opposition Memorandum, David asks the Court to apply the "continuing violations doctrine" and cites in support *Doe v. Roman Catholic Archbishop of Los Angeles*, 202 Cal. Rptr. 3d 414 (Ct. App. 2016)—a case involving lapsed child sexual abuse claims. This case is of limited use, particularly because the Guam Supreme Court has already commented on the continuing claims doctrine in *Bautista v. Torres*, 2020 Guam 28—a case more akin to the present as it dealt with property, rent, and fiduciary duty issues. In *Bautista*, the plaintiffs argued that the continuing claims doctrine applied a new statute of limitations expiration date to each payment they claimed their family attorney owed them.

The Guam Supreme Court rejected this argument. "That doctrine appears almost exclusively in cases involving periodic compensation claims against the federal government." *Id.* ¶ 21. Moreover, to apply the doctrine, "(1) the case must turn on pure issues of law (or specific issues of fact to be decided by the court for itself); (2) any facts involved must be 'sharp and narrow'; and (3) no discretionary agency decision can be at issue." *Id.* ¶ 22. Breaches of fiduciary duty, however, do not qualify as sharp and narrow issues. *Id.*

David fails to address *Bautista's* three-part test or any Guam law in his briefing. *Bautista* nonetheless provides a conclusive resolution that David cannot utilize the continuing wrongs doctrine to revive stale claims in the context of an accounting, breach of fiduciary duty, and

ORIGINAL

unjust enrichment case. The Court therefore dismisses all counterclaims, and the associated requests for relief, as being time-barred. In turn, the arguments regarding the existence of a fiduciary duty and punitive damages are moot.

## B. Affirmative Defenses

### 1. The equitable defenses to a partition action are subject to striking.

Ronald next asks the Court to strike David's affirmative defenses of unclean hands and equity. He claims these contentions are not proper defenses to a partition action, which an owner may bring "as a matter of absolute right." *Am. Med. Intern., Inc. v. Feller*, 131 Cal. Rptr. 270, 273 (Ct. App. 1976).

The Court first examines the asserted affirmative defense of unclean hands. The Guam Supreme Court has declared that the unclean hands doctrine may preclude recovery for a quiet title action, as long as the misconduct directly relates to the cause of action. *Hawaiian Rock Prods. Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 43. Any unconscientious conduct may give rise to the defense, but in examining applicability, the court should examine the analogous case law, the nature of the misconduct, and again, the relationship of the misconduct to the claimed injuries. *Guam Top Builders, Inc. v. Tanota Partners*, 2012 Guam 12 ¶ 26.

Here, while Plaintiffs seek a partition of property, a portion of which it claims title, David alleges as a defense misconduct in the handling of the property and the relationship of the co-owners: "Plaintiffs have intentionally withheld material financial information about the Subject Property, failed to provide a transparent accounting of income and expenses despite requests, and misrepresented key financial details, all in bad faith." Def.'s Answer at 4. Whether or not Ronald withheld financial information, failed to provide an accounting, or misrepresented finances, however, do not directly relate to the partition of the property according to the



established ownership interests. Moreover, recovery based on any such alleged misconduct is time-barred.

Other courts find unclean hands to be inapplicable in a partition matter. For example, in *Colorado Korean Ass'n v. Korean Senior Ass'n of Colo.*, the court found that partition is "absolute and unqualified," unaffected by unclean hands. 151 P.3d 626, 629 (Colo. App. 2006). *Colorado Korean Ass'n* made this finding after reviewing that at least eleven other jurisdictions reached the same conclusion. *Id.* Similarly, in *Am. Med. Intern., Inc.*, the court recognized only limited defenses to a partition action such as express or implied waiver to partition by contract. 131 Cal. Rptr. at 273; *see also Colorado Korean Ass'n*, 151 P.3d at 630 (only recognized defenses to partition are waiver, when interests are not contemporaneous, or homestead property). Because the asserted affirmative defenses are not directly related to partition, and because generally the doctrine cannot be raised as a defense to partition, the Court finds this affirmative defense to be subject to striking.

Second, the affirmative defense of equity suffers a similar fate—it is not a recognized defense to a partition action. Furthermore, applying equity in an action is entirely within the Court's discretion, as described in a case cited by David, *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945). In *Precision Instrument Mfg. Co.*, the U.S. Supreme Court equated the doctrine of equity to unclean hands, and justified a court's application of equity particularly when there are public interests at stake: " if an equity court properly uses the maxim to withhold its assistance in such a case it not only prevents a wrongdoer from enjoying the fruits of his transgression but averts an injury to the public. The determination of when the maxim should be applied to bar this type of suit thus becomes of vital significance." *Id.* at 814-15. But the present partition case does not involve public interest



concerns. Moreover, even if equity can be applied in a private action between private parties, for the same reasons cited above used to strike the affirmative defense of unclean hands (i.e., not directly related, time-barred, and partition is an absolute right), the Court here in its discretion strikes the affirmative defense of equity.

### 2. The omission of a Lis Pendens does not deprive the Court of jurisdiction.

Finally, the Court considers Plaintiffs' request to strike the affirmative defense of failure to record a lis pendens pursuant to 7 GCA § 24405. That provision states,

> Immediately after filing the complaint in the court having jurisdiction, the plaintiff must record in the Department of Land Management a notice of the pendency of the action containing the names of the parties so far as known, the object of the action, and a description of the property to be affected thereby. From the time of filing such notice for record, all persons shall be deemed to have notice of the pendency of the action.

7 GCA § 24405. Plaintiffs argue that under Guam law, there are no actionable consequences for failing to record a lis pendens, defying the point of an affirmative defense which is to state a theory that will defeat the plaintiff's claims. *See* 7 GCA § 24405; *M. Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 91 ("an affirmative defense is a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's claim"). David offers no rebuttal to these arguments.

The Court construes section 24405 according to its plain language and in the context of the statute as a whole. *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6. The plain language directs the recording of a lis pendens immediately after filing a partition action. *See* 7 GCA § 24405. However, it also indicates that the action must be filed in a court already having jurisdiction. *Id.* Thus, jurisdiction must already exist, and there is no language indicating that filing of the lis pendens cements or alters that jurisdiction.



Caselaw appears to agree. In California, from which section 24405 derives, failure to file a lis pendens does not result in a dismissal of the action unless the defendant has suffered some prejudice. *See Blackburn v. Bucksport & E.R.R. Co.,* 95 P. 668, 669-70 (Cal. D. Ct. App. 1908); *Rutledge v. Rutledge,* 259 P.2d 79, 82 (Cal. D. Ct. App. 1953). Notably, David does not claim to have suffered prejudice due to Plaintiffs' failure to file a lis pendens.

Moreover, *Blackburn* determined that the point of the lis pendens is not to establish subject matter jurisdiction, but rather to effectuate notice.

> The purpose of the Legislature was thus to furnish the most certain means of notifying all persons of the pendency of the action and thereby warning them against attempting to acquire a legal or equitable interest in the property concerning which the suit was brought and to bind such persons as might acquire any interest in the property in controversy after the recording of the notice by any judgment which might be secured affecting said property. This is all that the Legislature intended by the present mode of giving constructive notice of the pendency of such actions, and the legislation does not, as we before observed, nor was it intended that it should, affect in the slightest degree the question of the court's jurisdiction of the subject-matter of the suit or of the persons of the parties thereto.

95 P. at 670. Based on this persuasive authority, as well as the plain language of section 24405, the Court does find that the recording of a lis pendens is mandatory to give constructive notice to other parties, but its omission does not deprive this Court of jurisdiction nor serves as an affirmative defense so as to defeat Plaintiffs' claims.

## II.    CONCLUSION AND ORDER

The Court GRANTS Plaintiffs' Motion to Dismiss all of David's counterclaims, and STRIKES the unclean hands, equity, and lis pendens affirmative defenses. The Court lifts the stay of discovery and sets a Scheduling Conference on May 14, 2025, at 9:00 a.m. A Proposed Scheduling Order and Discovery Plan are due no later than April 30, 2025.

ORIGINAL

**SO ORDERED, 14 April 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Jacques G. Bronze, Esq., Law Offices of Jacques G. Bronze, PC for Plaintiffs Sugumi Guam,
        LLC and Wang-Chieh Su
Jon R. Ramos, Esq., Cabot Mantanona LLP, for Defendant Chao-Chun Su aka David Su

ORIGINAL